IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-75-D

| | |
|---|---|
| MORTGAGE PAYMENT PROTECTION, INC., ) ) ) Plaintiff, ) ) v. ) ) GENWORTH MORTGAGE ) INSURANCE CORPORATION, ) ) Defendant. ) | **ORDER** |

On January 20, 2012, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 76]. In that M&R, Judge Webb recommended that (1) Genworth Mortgage Corporation's ("Genworth" or "defendant") motions to dismiss count one of the amended complaint pursuant to Rule 12(b)(6) [D.E. 20] be granted; (2) Genworth's motions to dismiss counts two and three of the amended complaint pursuant to Rule 12(b)(6) [D.E. 20] be denied; (3) Genworth's motion to file supplemental evidence [D.E. 44] be granted; (4) London Small Business Consortium ("SBC") be joined as a necessary party; (5) absent joinder, count one and count three of the amended complaint be dismissed pursuant to Rule 12(b)(7); (6) Genworth's motion to defer ruling on Mortgage Payment Protection, Inc.'s ("MPPI" or "plaintiff") motion for partial summary judgment until discovery is completed [D.E. 63] be granted; (7) the parties' joint motion for a protective order [D.E. 71] be granted; (8) the motions to amend the scheduling order [D.E. 59, 61] be granted; (9) MPPI's motions to compel [D.E. 32, 51] be denied without prejudice; and, (10) Genworth's motion for a protective order [D.E. 40] be

denied without prejudice. On February 6, 2012, Genworth filed objections to the M&R [D.E. 77]. On February 16, 2012, MPPI responded to defendant's objections [D.E. 78].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, Genworth's objections, and MPPI's response to the objections. As for those portions of the M&R to which Genworth made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Genworth objected. The court overrules the objections and adopts the conclusions in the M&R [D.E. 76]. Genworth's motions to dismiss [D.E. 19, 20] are GRANTED IN PART and DENIED IN PART. Specifically, Genworth's motions to dismiss count one of the amended complaint pursuant to Rule 12(b)(6) are GRANTED, Genworth's motions to dismiss counts two and three of the amended complaint pursuant to Rule 12(b)(6) are DENIED, and SBC is joined as a necessary party. Genworth's motion to file supplemental evidence [D.E. 44] is GRANTED. Genworth's motion to defer ruling on MPPI's motion for partial summary judgment until discovery is completed [D.E. 63] is GRANTED. Genworth's motion for a protective order [D.E. 40] is DENIED WITHOUT PREJUDICE. The parties' joint motion for a protective order [D.E. 71] is GRANTED. MPPI's

motions to compel [D.E. 32, 51] are DENIED WITHOUT PREJUDICE. The motions to amend the scheduling order [D.E. 59, 61] are GRANTED and deadlines are set forth in the M&R. Finally, Genworth's motions to dismiss the complaint [D.E. 12, 13] and to stay discovery [D.E. 38] are DENIED. MPPI shall file an amended complaint adding SBC to this action not later than March 9, 2012. The court requests that Judge Webb hold a status conference concerning any change to the schedule in light of SBC's addition as a party.

SO ORDERED. This 22 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge